IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF NEW MEXICO

RAMON ALBERTO COTA-CHAVEZ,

    Petitioner,

vs.                                                              Nos.  CV 13-552 MV/CG
                                                                           CR 12-829 MV

UNITED STATES OF AMERICA,

    Respondent.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

**THIS MATTER** is before the Court on Petitioner Ramon Cota-Chavez's *Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody* ("Petition"), filed on June 13, 2013, (CV Doc. 1)[1]; the Government's *Answer to Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct a Sentence by a Person in Federal Custody Filed On June 13, 2013* ("Answer"), filed on July 31, 2013, (CV Doc. 6); and *Petitioner's Rebuttal to Respondent's Answer to Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct a Sentence by a Person in Federal Custody Filed on July 31, 2013* ("Reply"), filed on August 22, 2013, (CV Doc. 8). Petitioner alleges that he received ineffective assistance of counsel before the district court. (CV Doc. 1). All of the issues can be resolved on the record and, therefore, an evidentiary hearing is unnecessary. *See, e.g., United States v. Lopez*, 100 F.3d 113, 121 (10th Cir. 1996).

**I.    Background**

On April 10, 2012, Petitioner was indicted on one count of possession with intent to distribute one kilogram and more of heroin, in violation of 21 U.S.C. §§ 841(a)(1) and

---

[1] Documents references as "CV Doc. ___" are from case number 13-cv-552 MV/CG; those referenced "CR Doc. ___" are from case number 12-cr-829 MV.

(b)(1)(A). (CR Doc. 14). An individual who is found to have violated 21 U.S.C. § 841(a) is subject to a mandatory minimum term of imprisonment of ten years. See 21 U.S.C. § 841(b)(1)(A). James Baiamonte was appointed to represent Petitioner on March 29, 2012, and represented Petitioner throughout his case. (CR Docs. 11, 37).

On August 31, 2012, Petitioner pleaded guilty before United States Magistrate Judge Lorenzo F. Garica. (CR Doc. 43 at 13). He had already executed the plea agreement in his case. (CR Doc. 43 at 2). The plea agreement outlined Petitioner's rights and also stated that Petitioner had reviewed the agreement with his attorney. (CR Doc. 30 at 1). The agreement also explained that Petitioner was subject to a minimum term of imprisonment of ten years and a maximum sentence of life imprisonment. (CR Doc. 30 at 2). Also contained in the agreement was a provision stating that Petitioner may be eligible for the safety valve provisions set forth at 18 U.S.C. § 3553(f)(1)-(5) and U.S.S.G. § 5C1.2[2]; this same paragraph specifically stated that Petitioner's eligibility depended on providing information to the government and not having more than one criminal history point. (CR Doc. 30 at 3). The plea agreement also mentioned that the sentencing guidelines are advisory and the Court must consider them in the sentence it imposes, but also that the Court may choose to impose a sentence that varies from the advisory guidelines. (CR Doc. 30 at 3, 6, 7).

At the plea hearing on August 31, 2012, the services of H. Orive, an official court interpreter were used. (CR Doc. 43 at 1). Judge Garcia asked the prosecutor to explain the contents of the plea agreement. (CR Doc. 43 at 3). In response, Steve Kotz

---

[2] Under 18 U.S.C. § 3553(f), the court shall impose a sentence without regard to any statutory minimum sentence if the defendant satisfies five criteria. One of the requirements is that the defendant does not have more than one criminal history point, as determined under the sentencing guidelines. 18 U.S.C. § 3553(f)(1).

explained the plea agreement and explicitly mentioned the paragraph recognizing the possibility that Petitioner may be eligible for the safety valve provision. (CR Doc. 43 at 3). Judge Garcia asked Petitioner if Mr. Kotz had accurately explained the plea agreement and Petitioner responded "Yes, sir." (CR Doc. 43 at 4). In response to the Court's inquiries, Petitioner also affirmed that he understood the plea agreement and what was happening; that Mr. Baiamonte, using the services of a certified court interpreter, had reviewed and explained the plea agreement with him in Spanish; that Mr. Baiamonte had explained the Government's case and the available defenses; that he understood that the sentencing recommendations within the plea were recommendations only and that there may be immigration consequences to his conviction; and that he understood that Mr. Baiamonte had only provided an estimate of the potential sentence, and that the actual sentence could only be calculated after a Presentence Report had been prepared. (CR Doc. 43 at 5-13).

On January 9, 2013, Mr. Baiamonte filed a sentencing memorandum on behalf of Petitioner in which he outlined Petitioner's criminal history, which included two misdemeanors. (CR Doc. 32). In this filing, Mr. Baiamonte stated that he had requested documents regarding these charges from the Phoenix Municipal Court, but had not yet received them. (CR Doc. 32 at 2; CR Doc. 33). Additionally, Mr. Baiamonte argued that it may not be appropriate to use one of the misdemeanors when determining Petitioner's criminal history, as it was not clear whether Petitioner had an attorney representing him when he pleaded guilty to that charge. (CR Doc. 32 at 2-3). On January 15, 2013, Mr. Baiamonte filed an amended sentencing memorandum in which he explained that the United States Probation Office had provided proof that both

3

of Petitioner's misdemeanor convictions were valid because he was represented by an attorney, and there was no legal basis to seek relief under the safety valve provision. (CR Doc. 35 at 1-2).

On January 29, 2013, United States District Judge Martha Vazquez sentenced Petitioner to a term of imprisonment of 120 months and supervised release for a term of five years. (CR Doc. 42 at 9). At the sentencing hearing, Mr. Baiamonte explained that he had hoped to demonstrate that Petitioner's criminal history was not as extensive as the presentence report showed, but that the United States Probation Office had provided valid proof of the prior convictions. (CR Doc. 42 at 5). Mr. Baiamonte also explained that he had counseled Petitioner as to his ineligibility for the safety valve provision. (CR Doc. 42 at 6). Finally, Mr. Baiamonte read several letters from family members attesting to Petitioner's character and asked the Court to impose the minimum sentence available. (CR Doc. 42 at 6-8).

Petitioner filed his § 2255 motion on June 13, 2013. (CV Doc. 1). The Government filed its Answer on July 31, 2013. (CV Doc. 6). Attached to the Government's Answer was Mr. Baiamonte's affidavit, (Doc. 6-1), and records of proceedings held in Phoenix Municipal Court in 2004-2005. (Doc. 6-2). Petitioner filed a Reply, in which he elaborates on his claims and asks for the opportunity to cross-examine Mr. Baiamonte, but does not specifically controvert any of the facts in Mr. Baiamonte's affidavit. (Doc. 8).

## II. Analysis

Petitioner alleges that his attorney was constitutionally ineffective on two grounds: (1) Mr. Baiamonte failed to fully explain the nature of the plea agreement and

Petitioner's potential sentence; and (2) Mr. Baiamonte failed to properly advise Petitioner regarding his eligibility for the safety valve provision of the United States Sentencing Guidelines.  (CV Doc. 1 at 4-5; CV Doc. 8 at 1).  The Government asserts that Petitioner has failed to show that Mr. Baiamonte's performance was deficient, and furthermore, Petitioner was not prejudiced by Mr. Baiamonte's actions.  (CV Doc. 6 at 4-11).

### a. Law Regarding Ineffective Assistance of Counsel

To establish ineffective assistance of counsel, Petitioner must satisfy a two-part test.  First, Petitioner must show that counsel's performance was deficient because it fell below an objective standard of reasonableness.  *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984).  Second, Petitioner must show that counsel's deficient performance prejudiced him.  *Id.* at 687.  To demonstrate that counsel was ineffective, Petitioner must satisfy both prongs outlined in *Strickland*.  *See id.* at 687.

In establishing that counsel's performance was deficient, "judicial scrutiny of counsel's performance must be highly deferential" and the "court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."  *Id.* at 689.  The reasonableness of counsel's performance must be evaluated considering all the circumstances.  *Id.* at 688.  To establish prejudice in the context of a guilty plea, the petitioner must establish that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and insisted on going to trial."  *United States v. Gordon*, 4 F.3d 1567, 1570 (10th Cir. 1993) (quoting *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)).

To demonstrate that counsel was ineffective, Petitioner must satisfy both prongs outlined in *Strickland*. *See Strickland*, 466 U.S. at 687. However, it is not necessary for a court to address both prongs if the Petitioner "makes an insufficient showing on one." *Id.* at 697; *see also Romano v. Gibson*, 239 F. 3d 1156, 1181 (10th Cir. 2001) ("This court can affirm the denial of habeas relief on whichever *Strickland* prong is the easiest to resolve.")

### b. Counsel's Alleged Failure to Explain Plea Agreement

Petitioner claims that he entered into the plea agreement pursuant to the advice of his attorney, but that he did not understand the agreement or the potential sentence. (CV Doc. 1 at 4). Petitioner also states that Mr. Baiamonte advised him that he would not be subject to the mandatory minimum. (CV Doc. 8 at 3). The Government asserts that Mr. Baiamonte was not deficient in explaining the plea agreement or potential sentence to Petitioner, and to the extent his performance might be construed as deficient, Petitioner was not prejudiced. (CV Doc. 6 at 7-11).

The record undermines Petitioner's claims that he did not understand the plea agreement. During his plea hearing, Petitioner acknowledged to Judge Garcia that Mr. Baiamonte, with the assistance of a Spanish interpreter, reviewed the terms and provisions of the plea agreement with him, and that he understood it. (CR Doc. 43 at 5-7). Judge Garcia inquired several times as to whether Petitioner understood the terms of the plea agreement and his potential sentence; all of Petitioner's responses indicated that he fully understood the consequences of pleading guilty. Although Petitioner asserts that he was told to answer the Court's inquiries affirmatively, he does not identify an inquiry that he would have answered in the negative. Even taking as true

6

Petitioner's assertion that Mr. Baiamonte mistakenly advised him that he would not be subject to the mandatory minimum, an attorney's "miscalculation or erroneous sentence estimation . . . is not a constitutionally deficient performance rising to the level of ineffective assistance of counsel." *Gordon*, 4 F.3d at 1570.  Petitioner has not shown that Mr. Baiamonte's performance fell below an objective standard of reasonableness.

Even if the Court were to find that Mr. Baiamonte's performance was deficient – which is not the case here – Petitioner has failed to establish that he suffered any prejudice from Mr. Baiamonte's actions.  Petitioner does not allege in his Petition or Reply that but for Mr. Baiamonte's actions, he would not have pleaded guilty and insisted on going to trial.  *See Hill*, 474 U.S. at 59.

### c. Counsel's Alleged Failure to Pursue Safety Valve Eligibility

Petitioner seems to have two claims about Mr. Baiamonte's conduct and the safety valve provision.  First, Petitioner appears to argue that Mr. Baiamonte should have argued for his safety valve eligibility at the sentencing hearing.  (CV Doc. 1 at 5). Petitioner also claims that Mr. Baiamonte improperly represented to him that he qualified for the safety valve provision without first investigating whether this was true. (CV Doc. 8 at 1-2).  The Government asserts that Mr. Baiamonte's performance was not deficient and Petitioner was not prejudiced by Mr. Baiamonte's actions.  (CV Doc. 6 at 7-11).

The record shows that when the plea agreement was signed and Petitioner entered his guilty plea, all parties believed it was possible that Petitioner might have been eligible for the safety valve provision.  (CR Docs. 30, 43).  In fact, Mr. Baiamonte argued that Petitioner had one criminal history point in the sentencing memorandum he

7

submitted on January 9, 2013. (CR Doc. 32). Only after the United States Probation Office obtained the records that definitively showed that Petitioner had been represented by counsel when he pleaded guilty to his two prior misdemeanors did Mr. Baiamonte stop arguing that Petitioner was safety valve eligible. Petitioner is essentially claiming that Mr. Baiamonte's performance was deficient because he failed to argue in favor of a legally baseless request. An attorney's actions do not fall below the standard of reasonableness when he fails to make a legally meritless argument. *See Strickland,* 466 U.S. at 688. Therefore, Mr. Baiamonte's performance was not rendered deficient because he failed to pursue the safety valve eligibility argument after he learned it was baseless.

Petitioner's second argument, that Mr. Baiamonte incorrectly advised him that he was eligible for the safety valve provision before fully researching the issue, is also meritless. The record strongly suggests that Petitioner was aware that qualifying for the safety valve provision was only a possibility; this was explained in the plea agreement and by Judge Garcia at the plea hearing. Even if Petitioner's allegation that Mr. Baiamonte informed Petitioner that he would certainly qualify for the safety valve provision, a defense attorney's miscalculation of a sentence does not rise to the level of constitutional ineffectiveness. *See Gordon*, 4 F.3d at 1570. Moreover, as discussed above, Petitioner has not shown any way in which he was prejudiced by Mr. Baiamonte's performance, as he has not alleged that he would have gone to trial. Therefore, Petitioner has failed to show that he was deprived of the effective assistance of counsel.

### III. Conclusion

For the reasons discussed above, the Court **RECOMMENDS** that Petitioner's *Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody*, (CV Doc. 1), be **DENIED** and his Petition be **DISMISSED WITH PREJUDICE**.

> **THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1).  **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition.  If no objections are filed, no appellate review will be allowed.**

_____
THE HONORABLE CARMEN E. GARZA
UNITED STATES MAGISTRATE JUDGE