## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

       Plaintiff/Respondent,

vs.
                               No. CR 12-00829 MV/SMV
                               No. CV 17-00980 MV


RAMON ALBERTO COTA-CHAVEZ,

       Defendant/Movant.


### MEMORANDUM OPINION AND ORDER OF DISMISSAL

**THIS MATTER** comes before the Court, *sua sponte* under rule 4(b) of the Rules Governing Section 2255 Proceedings, upon Movant Ramon Alberto Cota-Chavez's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("Motion") (Doc. 61). Cota-Chavez's Motion is a second or successive motion under 28 U.S.C. § 2255 filed without authorization from the United States Court of Appeals for the Tenth Circuit, and the Court will dismiss the Motion for lack of jurisdiction.

Cota-Chavez pled guilty to possession with intent to distribute one kilogram and more of heroin in violation of 21 U.S.C. § 841(B)(1)(a) and, on February 18, 2013, was sentenced to 120 months of imprisonment. (Doc. 37). He filed his first motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 on June 13, 2013. (Doc. 40). In his first § 2255 motion, he raised ineffective assistance of counsel issues. (Doc. 40). On August 28, 2013, the Magistrate Judge entered Proposed Findings and a Recommended Decision ("PFRD"), finding that Cota-Chavez had failed to show he had been deprived of effective assistance of counsel and recommended denial of the § 2255 motion. (Doc. 48 at 8). Cota-Chavez filed objections to the

PFRD on November 7, 2013 (Doc. 53). On November 22, 2013, the Court overruled his objections, adopted the Magistrate Judge's PFRD, and entered Judgment. (Doc. 54, 55).

Cota-Chavez then filed a Motion to Reduce under 18 U.S.C. § 3582 on December 1, 2014, seeking to reduce his sentence under an amendment to the drug quantity provision in the Sentencing Guidelines. (Doc. 56). The Court denied his Motion to Reduce on July 2, 2015. (Doc. 60). Cota-Chavez filed his current § 2255 Motion on September 25, 2017. (Doc. 61). The Motion raises the same issues of ineffective assistance of counsel that were raised in his first § 2255 motion. *See* Doc. 40 at 4-5; Doc. 61 at 4-9.

Section 2255 provides that a second or successive motion must be certified in accordance with § 2244 by a panel of a court of appeals to contain: (1) newly discovered evidence that would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law that was previously unavailable and was made retroactive to cases on collateral review by the Supreme Court. 28 U.S.C. § 2255(h). Section 2244 requires that, before a second or successive application is filed in the district court, the applicant shall move the appropriate court of appeals for an order authorizing the district court to consider the application. 28 U.S.C. § 2244(b)(3)(A).

Cota-Chavez has filed his § 2255 Motion without authorization from a court of appeals as required by § 2244(b)(3)(A). This Court lacks jurisdiction to consider his Motion absent the requisite authorization. When a second or successive § 2255 motion is filed in the district court without the required authorization from a court of appeals the district court may dismiss or may transfer the matter to the court of appeals if it determines it is in the interest of justice to do so under 28 U.S.C. § 1631. *See In re Cline,* 531 F.3d 1249, 1252 (10th Cir. 2008).

Applying *Cline,* the Court determines it is not in the interests of justice, declines to transfer, and will dismiss this matter for lack of jurisdiction. In order to proceed on a second or successive § 2255 motion, Cota-Chavez would need to present grounds for relief based on either newly discovered evidence or a new rule of constitutional law. 28 U.S.C. § 2255(h). Cota-Chavez presents neither but, instead, seeks to re-argue the same ineffective assistance grounds that were raised and adjudicated in his first § 2255 motion. *See United States v. Williams,* 480 Fed. App'x 503, 504-05 (10th Cir. 2012). Moreover, even if Cota-Chavez had not previously raised his ineffective assistance of counsel claims, it is likely that those claims would now be barred by the one-year statute of limitations of 28 U.S.C. § 2255(f).

Last, under 28 U.S.C. § 2253(c)(1) "[u]nless a circuit justice or a judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from . . .(B) the final order in a proceeding under section 2255." A certificate of appealability may issue under § 2253(c)(1) only if the movant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). Rule 11(a) of the Rules Governing Section 2255 Cases provides that the district court must issue or deny a certificate of appealability when it enters a final order adverse to the § 2255 movant. The Court determines, *sua sponte* under rule 11(a) of the Rules Governing Section 2255 Cases, that Cota-Chavez has failed to make a substantial showing that he has been denied a constitutional right and the Court will deny a certificate of appealability.

**IT IS ORDERED** that Movant Ramon Alberto Cota-Chavez's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("Motion") (Doc. 61) is **DISMISSED** for lack of jurisdiction, a certificate of appealability is **DENIED**, and judgment will be entered.

_____
UNITED STATES DISTRICT JUDGE